UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        *Plaintiff*

    - against -

TREVOR MILTON,

        *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF Case

No. 21 Civ. 6445 (AKH)


# THE GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR A STAY

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the United States
      of America

Jordan Estes
Matthew Podolsky
Nicolas Roos
Assistant United States Attorneys
   *- Of Counsel -*

**CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

I.  The Court Should Grant the Motion to Intervene ................................................................. 1

II. The Court Should Grant the Motion to Stay ........................................................................ 3

   A. Factors One and Two: The Extent of Overlap and the Status of the Criminal Case .. 5

   B. Factor Three: The Interests of the Plaintiff ................................................................... 6

   C. Factor Four: The Interest of the Defendant ................................................................... 7

   D. Factor Five: The Interest of the Court .......................................................................... 8

   E. Factor Six: The Interest of the Public ........................................................................... 9

   F. The Louis Vuitton Decision ........................................................................................ 10

CONCLUSION ............................................................................................................................ 11

## PRELIMINARY STATEMENT

The Government respectfully submits this reply memorandum of law in support of its motion to intervene in the above-captioned case (the "Civil Case") and stay this matter because of the parallel criminal case, *United States v. Milton*, 21 Cr. 748 (ER) (the "Criminal Case").

Notwithstanding the rhetoric in the defendant's opposition ("Opp."), motions to intervene and stay are routinely granted in this District. By contrast, what the defendant is asking for is extraordinary: that the United States not be permitted to intervene to protect the interest of the Criminal Case, and that the Civil Case proceed with full-blown discovery, including depositions. The defendant's position is contrary to the weight of authority in this District and would needlessly waste the time and resources of the Court, witnesses, and parties. The Government's motion to intervene and stay should be granted in its entirety.

## ARGUMENT

### I. The Court Should Grant the Motion to Intervene

The defendant first argues that the Government is not entitled to intervene as of right because the Government does not have "an interest relating to the property or transaction that is the subject of the action" as required by Federal Rule of Civil Procedure 24(a)(2). (Opp. 3). The defendant cites no law to support this argument, which is contrary to the Second Circuit's decision in *SEC v. Chestman*, 861 F.2d 49 (2d Cir. 1988). In *Chestman*, the Court made clear that government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter," and found that allowing intervention as of right under Rule 24(a) would not have been an abuse of discretion. *Id.* at 50. Following *Chestman*, district courts in this Circuit have routinely held that

the Government may intervene as of right. *See, e.g.*, *SEC v. El-Khouri*, No. 19 Civ. 9744 (LAP), 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021) (citing *Chestman* and holding that intervention as of right is appropriate); *SEC v. Recoin Grp. Found., LLC*, No. 17 Civ. 5725 (RJD), 2018 WL 10529810, at *1 (E.D.N.Y. Jan. 31, 2018) (same); *SEC v. Platinum Mgmt. (NY) LLC*, No. 16 Civ. 6848 (DLI), 2017 WL 2915365, at *2 (E.D.N.Y. July 7, 2017) (same); *SEC v. Shkreli*, No. 15 Civ. 7175 (KAM), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (same). Accordingly, as the Second Circuit held in *Chestman*, the Government has shown the requisite interest in the action under Rule 24(a)(2).

The defendant next argues that intervention as of right is inappropriate because the United States Securities and Exchange Commission (the "SEC") can adequately represent the United States' criminal interests in this matter. (Opp. 4). To support this argument, the defendant cites an out-of-district, outlier case, *SEC v. Holcom*, No. 12 Civ. 1623-H (JMA), 2013 WL 12073831, at *1-2 (S.D. Cal. Sept. 6, 2013) (Opp. 5). But *Holcom*, which has never been relied on by a court in this Circuit, is contrary to the weight of district court cases in this Circuit that have repeatedly found that the United States' criminal interest is not adequately protected by the presence of the SEC, which is not tasked with enforcing the criminal laws. *See SEC v. Berman*, No. 20 Civ. 10658 (LAP), 2021 WL 2895148, at *2 (S.D.N.Y. June 8, 2021) ("[T]he parties to this civil litigation do not represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes."); *Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *2 ("[A]lthough the interests of the SEC and the Government certainly converge to some extent, the Government is uniquely focused on the enforcement of criminal statutes."); *Shkreli*, 2016 WL 1122029, at *2 (finding that SEC and Government interest differed).

The reasoning on this point in *SEC v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, (S.D.N.Y. Jan. 26, 1993), is instructive. There, the District Court explained:

> The Court must recognize that various branches within the United States Government often have diverging interests. Thus, even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's interest. Moreover, the United States Attorney is better equipped to explain its need for intervention in the instant case due to a parallel criminal investigation, rather than using the SEC as a conduit for such arguments. Courts have repeatedly allowed the United States Attorney to intervene in civil cases brought by the SEC where it is believed that the case would interfere with a criminal prosecution.

*Id.* at *12. For these reasons, intervention is warranted.

Alternatively, the defendant has provided no basis to deny the United States permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). Indeed, "[i]t is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *Id.* at *11; *see also Berman*, 2021 WL 2895148, at *2 (same). The defendant has cited no cases where permissive intervention was denied in similar circumstances, in this District or elsewhere. Nor has he articulated how the mere fact of intervention will cause undue delay in this case or prejudice his rights. Therefore, as an alternative, permissive intervention is warranted here. *See Chestman*, 861 F.2d at 50.

## II.     The Court Should Grant the Motion to Stay

A stay of the Civil Case is appropriate because (i) there is substantial overlap here with the matters in the criminal case, as both cases arise from the same scheme to defraud investors, (ii) a stay would advance the public's substantial interest in ensuring the integrity of criminal proceedings, and (iii) a stay would promote judicial efficiency. Contrary to the defendant's

assertions, it is not "extraordinary" to stay a civil case pending the outcome of an indicted criminal proceeding. Rather, courts in this District routinely stay civil cases in light of pending criminal proceedings, even where the defendant objects. *See, e.g.*, *SEC v. LaGuardia*, 435 F. Supp. 3d 616, 622 (S.D.N.Y. 2020); *Berman*, 2021 WL 2895148, at *1; *El-Khouri*, 2021 WL 601652, at *1; *SEC v. Abraaj Investment Mgmt. Ltd.*, No. 19 Civ. 3244 (AJN), 2019 WL 6498282, at *1 (S.D.N.Y. Dec. 3, 2019); *SEC v. Blaszczak*, No. 17 Civ. 3919 (AJN), 2018 WL 301091 (S.D.N.Y. Jan. 3, 2018); *SEC v. Tuzman*, No. 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) (Dkt. No. 43); *SEC v. Durante*, No. 15 Civ. 9874 (RJS) (S.D.N.Y. Mar. 23, 2016). The single case cited by the defendant for the purportedly "extraordinary" nature of a stay request, *Jackson v. Johnson*, 985 F. Supp. 422 (S.D.N.Y. 1997) (cited at Opp. 9), is over twenty years old and does not reflect the recent practice within this District. Moreover, the precedent cited in *Jackson* for the proposition quoted by the defendant makes clear that while a stay may be "an extraordinary remedy . . . [t]he weight of authority in this Circuit [nonetheless] indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm., Inc. Securities Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).[1] In each of the above-cited cases, courts applying the factors articulated in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012), found that a stay was warranted. The reasoning in those cases is equally applicable here.

---

[1] *Jackson* is also distinguishable because in that case, the stay motion was decided after discovery was concluded. *Jackson*, 985 F. Supp. at 425 ("[B]ecause the stay motion was brought on the eve of the discovery cutoff and discovery is now closed, there is no concern that Jackson will use civil discovery here to obtain an advantage in the criminal proceeding."). That is not the case here.

### A. Factors One and Two: The Extent of Overlap and the Status of the Criminal Case

The first two factors that Court must consider are the extent of the overlap between the Criminal Case and the Civil Case, and the status of the criminal case, primarily whether it has been indicted. *See Tuzman*, No. 15 Civ. 7057 (AJN) (S.D.N.Y. March 1, 2016) (Dkt. No. 43). These are the most important and significant factors that the court considers in weighing a request to stay. *See Shkreli*, 2016 WL 1122029, at *4 ("The first factor to be examined is the overlap of the issues in the criminal and civil cases. Courts have consistently recognized this as a particularly significant factor.").

Unsurprisingly, the defendant does not argue a lack of factual overlap, because as discussed at length in the Government's opening brief (Govt. Br. 3-4, 8-9), all of the facts at issue in the Criminal Case are also at issue in the Civil Case. Instead, the defendant argues that the factual overlap prong of the *Louis Vuitton* factors applies only when a defendant is seeking to stay the civil action. (Opp. 11). Specifically, the defendant argues that the factor of factual overlap is relevant only to the extent it is necessary to safeguard the defendant's Fifth Amendment rights. (Opp. 12). To be sure, the *Louis Vuitton* court noted that the overlapping facts of parallel criminal and civil cases could give rise to Fifth Amendment implications. *See Louis Vuitton*, 676 F.3d at 97-98. But the Fifth Amendment implications are significant whether or not the defendant is making the motion. For example, if the defendant asserts his Fifth Amendment rights in the Civil Case, discovery will largely be one-sided, with the SEC producing documents without the ability to receive reciprocal discovery. *See SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008). Here, Milton's brief is conspicuously silent as to whether he would participate in discovery in the Civil Case or assert his Fifth Amendment rights. Nor does he confront whether he would accept the adverse inference that would flow from asserting his Fifth Amendment rights. Proceeding in

the fashion suggested by Milton would inevitably result in his immediate invocation of his Fifth Amendment right—and accompanying refusal to provide initial disclosures at the very threshold of the case. Meanwhile, Milton would receive the SEC's disclosures, which, among other things, would include a list of trial witnesses that is not otherwise required by the federal criminal laws. Courts have relied on this inequity and cited such gamesmanship in granting similar motions by the Government to stay parallel SEC proceedings. *See Shkreli*, 2016 WL 1122029, at *2; *Tuzman*, 15 Civ. 7057 (AJN) (S.D.N.Y. Mar. 1, 2016) (Dkt. No. 43).

In any event, the extent of the factual overlap and the status of the criminal case are not relevant to the Fifth Amendment considerations alone. Rather, they are also relevant factors in assessing whether the interest of the court and the public interest, including the interest in judicial efficiency, weigh in favor of granting a stay. That is because, as discussed below, "[h]olding a civil trial before the Criminal Case would raise the probability that there will be two parallel proceedings covering the same fraudulent acts, as well as presenting the specter that witnesses will have to testify twice," *Berman*, 2021 WL 2895148, at *2, whereas with a stay, "collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter," *LaGuardia*, 435 F. Supp. 3d at 622.

### B. Factor Three: The Interests of the Plaintiff

The SEC does not oppose the Government's motion. Accordingly, there can be no argument that the SEC would be hurt by the granting of a stay. *See Shkreli*, 2016 WL 1122029 at *5 (explaining that where the SEC takes no position, "this factor has no bearing on the analysis").

In suggesting that the SEC has an interest in proceeding expeditiously with this case, the defendant cites as relevant the SEC's opposition to a stay in an entirely separate matter, *SEC v. Hvidzdzak Capital Mgmt.*, No. 20 Civ. 154, 2021 WL 3549332 (W.D. Pa. Aug. 11, 2021).

However, in *Hvidzdzak*, no criminal charges had been brought, and the SEC case had been pending for over one year. *Id.* at *3. Thus, *Hvidzdzak* is distinguishable, because "[t]he strongest case for granting a stay is where a party [is] under criminal indictment." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

### C. Factor Four: The Interest of the Defendant

The defendant argues that his desire to defend his reputation weighs against the proposed stay. (Opp. 14). But he cannot plausibly claim that he is suffering *greater* reputational harm from the civil charges against him than from the fact of his indictment in the Criminal Case. *See Platinum Mgmt. (NY) LLC*, 2017 WL 2915365, at *6 (finding claim of reputational harm "unconvincing and disingenuous" because it was not plausible that harm in civil case would be greater than that in criminal case); *see also LaGuardia*, 435 F. Supp. 3d at 622 (noting that "'prejudice [to Defendant] flows from the pending criminal charges as well'" (quoting *Abraaj*, 2019 WL 6498282, at *2)). A number of courts that have granted complete stays of discovery have addressed similar arguments, and have responded that allowing parallel civil proceedings to move forward would distract the government, defendant, and the court from the related criminal proceedings, which are of "greater relative importance." *Nicholas*, 569 F. Supp. 2d at 1072-73 ("the foremost concern of the Court is for the parties to devote their time, energy and resources towards preparing for the criminal trial"); *SEC v. Gordon*, No. 09 Civ. 61 (CVE), 2009 WL 2252119, at *5-6 (N.D. Okla. July 8, 2009) ("[i]t seems [the defendant] might stand to benefit from proceeding with the criminal case first" in order to avoid implicating the defendant's Fifth Amendment rights and the "distraction of defending himself in a civil action while facing serious criminal charges . . . [i]n fact, defendants . . . often seek to stay the civil proceedings for these very reasons").

### D. Factor Five: The Interest of the Court

The defendant does not argue that judicial efficiency weighs against a stay, because staying the Civil Case pending the outcome of the Criminal Case would quite clearly "streamline the proceedings." *LaGuardia*, 435 F. Supp. 3d at 622. Rather, the defense resorts to baseless allegations that granting a stay would "validate manipulation of the federal courts . . . to obtain maximum publicity." (Opp. 19).

These meritless accusations should be rejected. The fact that the United States and the SEC filed their cases on the same day and held a press conference has no bearing on the propriety of a stay. As an initial matter, the SEC and the United States "act to protect the public from securities fraud and safeguard the integrity of the public markets," and thus "it is appropriate to make the public aware of the status of [their] investigations by holding a press conference or issuing a press release." *Gordon*, 2009 WL 2252119, at *5. Moreover, the Government and the SEC are independent agencies; they engage in different enforcement functions; and they make independent litigation decisions. The degree of coordination, if any, between governmental agencies is undisputedly not one of the six factors that courts in this Circuit consider when weighing a request for a stay of discovery. The Court's analysis should proceed under these six factors and should consider the merits: the actual potential prejudices and efficiencies that are likely to result to the parties and the Court as the result of a stay.

And here, the Court's interest is best served by staying this case until the conclusion of the Criminal Case. As the court in *LaGuardia* recognized, staying the Civil Case would promote judicial efficiency, because "collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter." 435 F. Supp. 3d at 622; *cf. Tiffany & Co. Int'l v. Dhirim, Inc.*, No. 09 Civ. 5845 (AKH), 2009 WL 2569190, at *1 (S.D.N.Y. Aug. 19, 2009) ("If cases involving substantially

the same issues are filed in different district courts, generally the court hearing the second case should exercise its discretion to stay or dismiss its case in favor of the first-filed case."). Here, the developments in the Criminal Case are likely to aid this Court and the parties in the consideration of this case once any stay is lifted. Judicial efficiency would be best served by allowing the case to play out in this fashion.

### E. Factor Six: The Interest of the Public

The defendant has failed to articulate why there is a public interest against staying this proceeding. Instead, he takes issue with the Government's arguments that staying the proceeding (i) would be less burdensome on witnesses and (ii) would prevent Milton from circumventing the criminal discovery rules. (Opp. 16).

The defendant alleges that the Government's argument about witnesses is not genuine because "virtually all material witnesses have to travel from Arizona or Utah" to testify. (Opp. 17). In making this argument, the defendant falsely assumes that all of the Government's witnesses are located in Arizona or Utah. That is not the case. This claim, in addition to being factually inaccurate, is little more than an attempt at misdirection. The inconvenience at issue here is not that some witnesses might have to take a longer flight, but that the witnesses would have to prepare, travel, and testify twice—a substantial and unnecessary burden on victims and witnesses.[2]

---

[2] Moreover, staying the Civil Case would limit the potential for witness intimidation. Although the Government at this time is not aware of witness intimidation traceable to the defendant, the Government is aware of efforts by unknown persons to engage in cyber intrusions on certain witnesses in this case. *See Nicholas*, 569 F. Supp. 2d at 1072 & n.8 (identifying the potential for tampering with witnesses or evidence as a factor weighing in favor of a stay of a parallel SEC proceeding, while specifically noting that "the Court does not suggest that the Defendants seek civil discovery for an illegal or unethical purpose").

the same issues are filed in different district courts, generally the court hearing the second case should exercise its discretion to stay or dismiss its case in favor of the first-filed case."). Here, the developments in the Criminal Case are likely to aid this Court and the parties in the consideration of this case once any stay is lifted. Judicial efficiency would be best served by allowing the case to play out in this fashion.

### E. Factor Six: The Interest of the Public

The defendant has failed to articulate why there is a public interest against staying this proceeding. Instead, he takes issue with the Government's arguments that staying the proceeding (i) would be less burdensome on witnesses and (ii) would prevent Milton from circumventing the criminal discovery rules. (Opp. 16).

The defendant alleges that the Government's argument about witnesses is not genuine because "virtually all material witnesses have to travel from Arizona or Utah" to testify. (Opp. 17). In making this argument, the defendant falsely assumes that all of the Government's witnesses are located in Arizona or Utah. That is not the case. This claim, in addition to being factually inaccurate, is little more than an attempt at misdirection. The inconvenience at issue here is not that some witnesses might have to take a longer flight, but that the witnesses would have to prepare, travel, and testify twice—a substantial and unnecessary burden on victims and witnesses.[2]

---

[2] Moreover, staying the Civil Case would limit the potential for witness intimidation. Although the Government at this time is not aware of witness intimidation traceable to the defendant, the Government is aware of efforts by unknown persons to engage in cyber intrusions on certain witnesses in this case. *See Nicholas*, 569 F. Supp. 2d at 1072 & n.8 (identifying the potential for tampering with witnesses or evidence as a factor weighing in favor of a stay of a parallel SEC proceeding, while specifically noting that "the Court does not suggest that the Defendants seek civil discovery for an illegal or unethical purpose").

The defendant next argues that concerns about circumventing criminal discovery rules are not applicable, relying on *SEC v. Chakrapani*, No. 09 Civ. 325 (RJS), 2010 WL 2605819 (S.D.N.Y. June 29, 2010). (Opp. 18). But *Chakrapani* fails to support the asymmetrical discovery Milton seeks. In *Chakrapani*, after denying an initial request for a stay primarily because Chakrapani was not a party to the criminal proceeding, Judge Sullivan invited the Government to renew its stay motion upon the invocation of the Fifth Amendment by either the defendant in the criminal proceeding, Joseph Contorinis, or a witness: "Of course, if Contorinis or other relevant witnesses invoke their Fifth Amendment privileges not to participate in civil discovery, the Court's analysis regarding the propriety of a discovery stay might well be altered . . . . To the extent that the process is compromised by the legitimate invocation of a constitutional privilege during discovery, the balance of interests could turn in favor of a discovery stay pending completion of Contorinis's criminal trial." 2010 WL 2605819, at *11. Given that the civil action and criminal actions in *Chakrapani* concerned substantially overlapping issues, as is the case here, the assertion of the Fifth Amendment by the defendant and certain witnesses was inevitable. One week after Judge Sullivan issued his decision in *Chakrapani*, he ordered the parties to appear for a status conference regarding a deposition notice served on a cooperating witness likely to invoke the Fifth Amendment and the effect of "[d]efendant's refusal to participate in discovery." (Order dated July 6, 2010, Dkt. No. 125). Following that conference, the Court endorsed a discovery schedule specifying that "[n]o depositions shall commence until the conclusion of the trial in the criminal case." (Order dated Aug. 4, 2010, Dkt. No. 131).

### F.  The Louis Vuitton Decision

Finally, the facts and circumstances here make this case different from *Louis Vuitton*, in which Your Honor issued an order denying a criminal defendant's request for a stay. *See* No. 06

Civ. 14363 (S.D.N.Y. March 8, 2007) (Dkt. No. 31) ("Order Denying Stay"). There, the civil case had been pending for over 15 months before the defendants were arrested criminally. *Louis Vuitton*, 676 F.3d at 89-91. In denying the defendants' request for a stay, Your Honor noted "that the civil case had been pending for more than a year; that any delay would hinder the plaintiff's 'need for prompt redress'; and that "[c]onsiderable discovery already has been had." *Id*. at 91 (referencing the Order Denying Stay). Your Honor also found it significant that the case involved a valuable trademark that could be threatened by counterfeit goods. *Id.*

Those concerns are not present here. There is no trademark in issue. Nor is any business of Milton's at issue, as he no longer works for Nikola or in the trucking industry. In addition, the Civil Case and the Criminal Case were filed the same day, and discovery has not begun in the Civil Case. In contrast, the Government will shortly produce hundreds of thousands of documents to the defendant in the Criminal Case, which will enable him to prepare his defense in both the Criminal Case and the Civil Case.

## CONCLUSION

For the foregoing reasons, the Court should grand the Government's motion to intervene and for a stay.

Dated: New York, New York
August 31, 2021

                                                Respectfully submitted,
                                                AUDREY STRAUSS
                                                United States Attorney

By:        /s/
                Jordan Estes
                Matthew Podolsky
                Nicolas Roos
                Assistant United States Attorneys
                One Saint Andrew's Plaza
                New York, New York 10007
                Telephone: (212) 637-2543/1947/2421